## MRS. GEORGE POLK *v.* STATE.

[64 South. 215.]

CRIMINAL LAW. *New trial. Grounds. Absence of defendant.*
   Where a party being under bond was convicted in her absence of
   the illegal sale of intoxicating liquor, a motion for a new trial
   should be sustained where it was shown that at the time of the
   trial defendant's counsel was absent through a misunderstanding
   and that defendant was absent because she was an invalid under
   treatment in a hospital in another state and was unable to be in
   court at the time of the trial and was not in any manner to blame
   for either her own or her attorney's absence at the time of the
   trial.

APPEAL from the circuit court of Lamar county.
HON. A. E. WEATHERSBY, Judge.
   Mrs. George Polk was convicted of the unlawful sale
of intoxicating liquors and appeals.
   The facts are fully stated in the opinion of the court.

*J. T. Garraway,* for appellant.

   It was never the intention of courts of justice to take
advantage of technicalities to maintain a conviction, or
to try dead people, or invalids, groping under wreaking
pain, over which they have no control.
   The evidence in the record before this court shows
that the appellant was suffering from rheumatism, and
otherwise afflicted, in ward No. 45 of the Charity Hos-
pital of New Orleans; and there is not the slightest in-
timation, or contradictory evidence in the record to neg-
ative the idea that this was not the truth, and honest
facts, and this being true, we submit that this was a
gross abuse of judicial discretion, in overruling the ap-
pellant's motion for a new hearing; but it does not stop
here, for another as good or better reason why this case
should be reversed is that this record shows that Mr.

J. W. Shanks, the appellant's attorney in the lower court, had an agreement and understood that he was to be notified by the district attorney when this case was to be called for trial, and was then to attend and represent appellant which is a very common practice among lawyers, and there is nothing in the record to show that this was not a fact as it is not denied by the testimony by any one or any attempt to refute these facts.

We challenge our able attorney-general to point out to this court a single case on record where the defendant was tried in his or her absence while they were down under the treatment of a physician, wrecked with pain and misery, and unable to attend court and the showing made to this effect, and where counsel had a misunderstanding about the trial, ever was permitted to stand, and we submit that the defendant should not have been tried in her absence, and the absence of her counsel, and since she was and after the motion to set aside the verdict, heard on the same day under the showing made, was sufficient to have the verdict set aside.

We don't think there is any law humane or divine that requires obedience to such a strict rule of procedure and to force a judgment to stand under such circumstances seems to be going beyond common sense and good judgment and the clear intent of our law.

The evidence in this record shows that defendant's counsel was misled, as well as the defendant being unable to attend court when the appellant was tried, and when these facts were brought to the attention of the court the verdict should have been set aside.

Cases are numerous where new trials have been granted because the defendant was not present in consequence of being misinformed. See *Hannah* v. *Ind. Cent. R. R. Co.*, 18 Ind. 431. The whole spirit of modern jurisprudence is directed to prevent substantial justice from being defeated by an adherence to mere technical forms. See *Huett* v. *Cobb*, 40 Miss. 61.

A new trial was granted in the case of *Barkley* v. *Hanlan,* 55 Miss. 606, on the ground that the defendant and his witness was absent because that defendant understood that the case would be dismissed, and that was a civil case, and the facts in that case are not as strong as the one at bar and it goes without contradiction and is elementary that the rule would not be enforced.

*Frank Johnston,* assistant attorney-general, for the state.

A special statute provides expressly that misdemeanor cases can be tried in the absence of the defendant. The application for a continuance on the ground of Mrs. Polk's absence ought to have been made before the trial of the case. Her absence at the time of the trial was not *per se* a ground for a continuance of the case for the statute makes a case of misdemeanor triable in the absence of the defendant. If, therefore, it appears that a proper defense could have been made in the absence of the defendant, the fact of the absence of the defendant should not be a good ground for a postponement of the case. So I, therefore, respectfully submit that the fact of the absence of Mrs. Polk could not, *ipso facto,* be a ground for the postponement of the case, and that this does not present a ground for a reversible error. The counsel did not show that he could not have made a proper defense of the case in the defendant's absence.

It appears in the case that Mrs. Polk's counsel was absent at the time of the trial of the case, and the contention of the counsel for appellant now is that he was absent on account of some misunderstanding between himself and the district attorney. He states in his motion for a new trial that the district attorney was to notify him if any of his cases were called for trial. I do not understand this testimony as implying in any manner that there was an agreement between the district attorney and the counsel for the defendant that this case was

not to be tried without prior notice to counsel. The district attorney did not make any statement in the matter but it does appear clearly that there was nothing in the record or on the docket to show that this counsel represented Mrs. Polk, or that any one represented her. If Mr. Shanks had an understanding that he was to be notified in event any of his cases were called for trial he fails entirely to show that the district attorney knew that this was one of his cases or that he was connected in any way with this case as counsel.

Reed, J., delivered the opinion of the court.

Appellant was convicted on the charge of unlawful sale of intoxicating liquors. She was not present at the trial of her case on February 2, 1913. She was at the time under bond. Her attorney was also absent. He testified that he thought he was to be notified when the case was called for trial. No defense was interposed.

A motion was made for a new trial. It was assigned as a cause that appellant was an invalid under treatment in a hospital in the city of New Orleans, and physically unable to attend the term of the court then being held. Upon the hearing of the motion there was presented a certificate from a physician in New Orleans, dated January 24, 1913, in which he stated that appellant was in the Charity Hospital in New Orleans under his care, and that he had advised her to remain until proper treatment could be given her. Another certificate from another physician in New Orleans, dated February 3, 1913, was filed, in which it was shown that appellant was suffering from spinal and neurasthenic trouble, that a railroad trip would be then undesirable for her, and that she had been ordered "to remain in bed until further development." This last certificate was sworn to before a notary public. Appellant's husband testified that she had been in New Orleans under treatment for about four weeks, and that she was not able to be

present in court at the time of the trial.   The motion for a new trial was overruled.

After a careful consideration of all the testimony taken on the hearing, we believe that the motion for a new trial should have been sustained.   It is clear from the record that appellant was an invalid under treatment in the Charity Hospital in the city of New Orleans on February 2, 1913, when her case was tried, and was then unable to be present in the court.   It is not shown that she was in any way to blame for her own absence or the absence of her attorney.   Under all the facts and circumstances, we think she should have been granted a new trial, and afforded an opportunity to present such defense as she had to the charge against her.   We hesitate to interfere with the discretion given to the trial court.  Still it is our judgment that justice and fairness to the appellant demand that it be done in this case.

*Reversed and remanded.*